THE TRENTON TRUST AND SAFE DEPOSIT COMPANY, trustee,

*v.*

ACHSAH SIBBITS et al.

[Filed June 3d, 1901.]

1. "Bequest to the children of my sister Diademma Doughty, share and share alike."   One child died before the testator, leaving two children.— *Held,* that the gift was to a class, and went to those members who survived the testator.

2. The purpose of section 34 of the act concerning wills is to prevent a lapse.   There was no lapse by reason of the death of a child of the sister before the death of the testator, for the gift, by legal inference, was to those children only who survived the testator.

*Mr. James Buchanan,* for the complainant.

*Mr. John T. Bird,* for Achsah Sibbits et al., defendants.

*Mr. Carroll Robbins,* for Mary S. Hankins and Lillian P. Cook, defendants.

REED, V. C.

The single question left open for decision is whether section 34 of the act concerning wills is operative in cases of a gift to a class of persons.   The question arises under the will of John Barnett, deceased.   In item 8 he provides

"the remainder of the income of my estate, during the life of my wife, I give and bequeath as follows: one-third part thereof to my sister Achsah Sibbits, and in case of her death before the decease of my wife, the money to go to her children; one-third part thereof to the children of my deceased sister Diademma Doughty; and one-third part thereof to the children of my deceased sister Mary Ann Ulerick."

Item 9 provides

"upon the death of my said wife, then I direct my said stores and dwelling-house to be sold, and the proceeds thereof, together with all other property belonging to my estate not herein disposed of, I give and bequeath as follows:

Trenton Trust & Safe Deposit Co. *v.* Sibbits.

"1. $1,000 thereof to each child of my deceased sister, Mary Ann Ulerick, who shall be living at the date of distribution.

"2. One-half of the income of the remainder to my sister Achsah Sibbits, during her life, and at her decease the principal to go to her children share and share alike. And in case of the death of any child, leaving issue living at the time of distribution, such issue to take the parent's share.

"3. The balance to go to the children of my deceased sister Diademma Doughty, share and share alike."

The testator died June 6th, 1897. Mary Ann Hoffman, one of the children of testator's sister Diademma Doughty, died in the month of March, 1896, leaving surviving her as children Lillian P. Cook and Mary S. Hankins.

The question presented is, whether Lillian P. Cook and Mary S. Hankins take the share of testator's estate which Mary Ann Hoffman would have taken had she survived the testator.

Without statutory intervention or express testamentary direction, it is entirely settled that, upon the death of a legatee before the testator, the share which would have gone to such legatee if he had survived the testator falls into the residue.

In the case of a gift to a class, where, upon the death of one or more of the members of the class before the testator, the remaining members will take the entire gift equally, no lapse occurs unless all the members of the class predecease the testator.

That the bequest to the children of Diademma Doughty was a gift to a class is entirely clear. *Gordon* v. *Jackson, 13 Dick. Ch. Rep. 166.*

Nor will the direction that the gift shall go to the children, share and share alike, destroy the class.

The gift is to such of the children as are alive at the death of the testator, no other date for ascertaining the members of the class having been fixed by the testator. It is therefore those who survive the testator who are to take, share and share alike.

"Thus [says Mr. Jarman], if property be given simply to the children or to the brothers and sisters of 'A,' equally to be divided between them, the entire subject of gift will vest in any one child, brother or sister, or in any larger number of these objects surviving the testator, without regard to previous deaths." *1 Jarm. Wills § 311.*

The right of the surviving members of the class is to take

Trenton Trust & Safe Deposit Co. *v.* Sibbits.

the gift; or, more accurately, the object of the gift is the surviving children as a class, without regard to those who had died before the testator. Gifts of this kind are removed from the operation of the ordinary rule embracing lapsed legacies and devises.

Unless this gift, therefore, to the children of the sister of the testator, who form a class, is within the operation of the thirty-fourth section of the act concerning wills, the surviving children of the deceased sister will take the entire gift to the class, share and share alike.

The original act for the prevention of lapses was passed in 1824. *P. L. of 1824 p. 174.* It is in these words:

"Whensoever any estate of any kind shall or may be devised or bequeathed by the testatment and last will of any testator or testatrix to any person being a child or other descendant of such testator or testatrix, and such devisee or legatee shall, during the life of such testator or testatrix die testate or intestate, leaving a child or children, or one or more descendants of a child or children who shall survive such testator or testatrix, in that case such devise or legacy to such person so stated as above mentioned and dying in the lifetime of the testator or testatrix shall not lapse, but the estate so devised or bequeathed shall vest in such child or children, descendant or descendants of such legatee or devisee, in the same manner as if such legatee or devisee had survived the testator or testatrix and had died intestate, but this provision shall not apply where the testator or testatrix shall by the said will or codicil thereto, or other instrument, have otherwise directed in regard to the children or descendants of the said devisee or legatee dying as aforesaid."

This act was amended in 1887, so that its provisions were extended to a devise or bequest of a brother or sister, or any descendant of a brother or sister, of a testator or testatrix. *Gen. Stat. p. 3763 § 34.*

There is to be found a statute in England and several statutes in other states designed to effect a purpose entirely like or somewhat similar to the New Jersey statute. In respect to the effect of these statutes upon gifts to classes, there is considerable contrariety of view.

The statute of Rhode Island declares

"that where any child, grandchild or relation, having a devise or bequest of real or personal estate, shall die before the testator, leaving lineal de-

scendants, such descendant shall take the estate, real or personal, in the same way and manner such devisee would have taken had he survived the testator."

The supreme court of Rhode Island, in *Moore* v. *Diamond, 5 R. I. 128,* held "that in the case of a devise to a class, one member of which died before the testator, the statute vested his interest in his lineal descendants in the same manner as if he had survived the testator and then died."

The Massachusetts statute provides

"that when a devise of real or personal estate is made to any child or other relation of a testator, and the devisee shall die before the testator, leaving issue surviving the testator, such issue shall take the estate so devised in the same manner as the devisee would have done if he had survived the testator."

In *Moore* v. *Weaver, 16 Gray 305,* the supreme court of Massachusetts adopted the construction which had been given to the same devise by the Rhode Island court, in *Moore* v. *Diamond, supra.* This construction was reaffirmed, without discussion, *In re Stockbridge, 145 Mass. 517.*

The Michigan statute is like that of Massachusetts, and has received a similar construction. *Strong* v. *Smith, 84 Mich. 567.*

The Maine statute provides

"that when a relative of a testator, having a devise of real or personal property, dies before the testator, leaving lineal descendants, they take such estate as would have been taken by such deceased relative if he had survived."

The supreme court of Maine, in *Moses* v. *Allen, 81 Me. 268,* seems to have held that the lineal descendant of a member of a class, who died even before the execution of the will, took.

The Missouri statute provides

"that when an estate shall be devised to any child, grandchild or other relative of a testator, and such devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate, real or personal, as such devisee would have taken in case he had survived the testator."

It was held, in the case of *Jamison's Executors* v. *Hay, 46 Mo.*

Trenton Trust & Safe Deposit Co. *v.* Sibbits.

*546*, that the statute contemplated that if a part of the members of a class were dead and part living, the children of those dead shall take the place of the deceased parent.

The statute of Ohio provides

"that where the devisee shall be dead at the time of the making of the will or shall die thereafter leaving issue surviving him, such issue shall take the estate devised in the same manner as the devisee would have done if he had survived the testator," &c.

Similar construction was given to the statute in *Woolley* v. *Paxson, 46 Ohio St. 307.*

It is to be observed of the statutes thus far construed that neither expressly nor by implication is their purpose stated to be the prevention of a lapse. In respect to those statutes in which such purpose appears, the weight of authority is that they are inoperative where the bequest or devise is to a class, except in the event of the death of all the members of the class; in which event only can there be a lapse. There is one case holding otherwise (*Yeates* v. *Gill, 9 B. Mon. 203*), decided in 1848, construing the then recent Kentucky statute of 1839.

It is to be observed that the legislature of Kentucky has since passed a statute extending the operation of the act expressly to gifts and devises to a class.

The English act passed in 1837 (*1 Vict. c. 26*) provides

"that where any person being a child or other issue of a testator, to whom any real or personal estate shall be devised or bequeathed, or any estate or interest not determinable at or before the death of such person, shall die in the lifetime of the testator, leaving issue, and any such issue of such person shall be living at the time of the death of the testator, such devise or bequest shall not lapse, but shall take effect, as if the death of such person had happened immediately after the death of the testator, unless a contrary intention shall appear by the will."

This act, although passed thirteen years later than the New Jersey statute, contains the essential features of our statute, and is identical in phraseology, so far as it bears upon the point in question.

In *Olney* v. *Bates, 3 Drew. 319,* there was a gift to a class. The question was whether the children of Mrs. Foster, a member

of the class who died before the testator, took. Vice-Chancellor Kindersley said: "The effect of the devise is to go to the children living at testator's death, and therefore there was no gift to Mrs. Foster, and the statute only applies to the representatives of the children or issue to whom something is given. Further, it appears to me that the intention of the legislature was to provide against a lapse, merely not to alter the construction which is to be put on any will. When you arrive at the conclusion that there would have been a lapse, then the statutes applies—not otherwise."

In *Brown* v. *Hammond, Johns. Ch. 210,* the same question arose before Vice-Chancellor Wood, who, alluding to the case of *Olney* v. *Bates* and the decision of Vice-Chancellor Kindersley in that case, said: "The main question, whether the thirty-third section of the old Wills act applies to a gift to testator's children as a class, arose there, as it does here. The vice-chancellor held that it does not, and I concur with him in that view of the act." He further said: "The rule of construction, to which I have already referred, was perfectly well established in all the courts when the act was passed. According to that rule, under a gift to children as a class, the share to which a child, surviving a testator, would have been entitled does not lapse in consequence of his death in testator's lifetime. Had the legislature intended to suspend that rule, so as to bring all such cases within the operation of the thirty-third section, it would have expressed that intention." The same vice-chancellor, in the case of *Stewart* v. *Jones,* reaffirmed the same rule, and on appeal his decision was affirmed by Lord Chelmsford. *Stewart* v. *Jones, 3 De G. & J. 532.*

In re *Potter's Trust, L. R. 8 Eq. 52,* there was a gift to a class, in equal shares, as tenants in common, and not as joint tenants, with a substitutionary clause in case of the death of any member of the class. Vice-Chancellor Mallon said: "If the testator had stopped at the words 'tenants in common,' the gift could only have operated as to the children who survived the testator. No one of the class who died in the lifetime of testator could have been the object of his bounty." He held that while the children of a deceased member of the class took its parent's share, they did so by force of the substitutionary clause.

Since the enactment of the statute of 1837 devises and gifts to children of the testator as a class have been repeatedly construed as unaffected by the provisions of the act. *Shaw* v. *McMahon, 4 Dru. & War. 431 (1843)* ; *In re Stansfield, L. R. 15 Ch. Div. 84; In re Jeaffreson's Trusts, 2 Eq. Cas. 276.*

The statute of Georgia also provides "that a legacy shall not lapse." *2 Code 1895 § 3330.* In *Tolbert* v. *Burns, 82 Ga. 213,* it was held that this section was not applicable to a devise to nephews and nieces as a class.

In Pennsylvania the act of 1844 (*P. L. of 1844 p. 565*) is in language substantially like ours, providing that the legacy, under the conditions named, shall be deemed not to pass or become void.

It was held, in *Gross' Estate, 10 Barr 360,* that this act did not prevent a vested legacy from lapsing by death, where the gift was to a class, and therefore the legacy would not vest at all until the death of the testator. This is the law of Pennsylvania in respect to gifts to collaterals. A distinction was drawn between gifts to lineals and gifts to collaterals in the case of *Bradley's Estate, 166 Pa. St. 300.*

In New York the question now mooted seems to remain undecided. In *Van Beuren* v. *Dash, 30 N. Y. 393,* the question arose whether the words "other descendant of the testator" in the New York statute designed to prevent lapses, embraced collateral relatives of the testator.

It was held that they did not. Chief-Justice Denio observed: "This is a statute in derogation of the common law, and its operation ought not to be enlarged beyond the fair natural meaning of the language."

The cases above cited present fully, I think, a history of the judicial construction of similar statutes in other jurisdictions.

In respect to our statute, it seems strange that the act which provides for representation in case of the death of a lineal legatee or devisee dying before the testator—which act has been the law of this state for three-quarters of a century—should not have been judicially construed in respect to the point now mooted. It is observable, however, that similar acts elsewhere stood for a long period before an occasion arose for their exposition, and

some have never been the subject of judicial remark. This has, I think, been the result of the infrequency of gifts to classes of lineals.

/The natural force of the language employed in the act is that the provision is intended to be operative in case of a gift or devise to the persons mentioned, when formerly, on the occurrence of the death of a legatee or devisee, it lapsed. The legal significance of the word "lapse," as predicated of devises and legacies, was entirely settled when this statute was passed.

It was as well settled that there could be no lapse in the case of a gift or devise to a class if any member of the class was alive at the date when the membership were determinable.

Reading the statute in the light of the established legal rules, it is manifest that its force must be confined to such legacies or gifts as would otherwise fail to reach their object by reason of the death of the legatee.

A gift to a class does not fail to reach its object by the death of less than all the members of the class, for the gift is to those living at the time fixed by law or designated by the testator.

No doubt the desire to preserve to the children of the deceased child their parent's share is calculated to induce a more liberal construction of the statute than that indicated.

Certainty and safety in statutory construction, in my judgment, require that the force of the statutory provision shall be restricted to the prevention of lapses. The construction given to the similar statute by the English courts seems to me to be natural and logical. An extension of the operation of the act so as to include gifts to classes would be legislation, and not construction.

Those children of Diademma Doughty who survived the testator take the entire gift to her children.