In the Matter of the Estate of HENRY C. ABELL, Deceased.

Surrogate's Court, Lewis County, January 18, 1935.

*George S. Reed,* for the proponent, Sarah C. Abell.

*Perry G. Williams,* special guardian for the infant, William S. Holmes.

MORAN, S. Henry C. Abell, late of the town of Lowville, Lewis county, N. Y., departed this life on the 16th day of December, 1934, leaving a last will and testament dated August 15, 1883, and which will was, upon the application of Sarah C. Abell, duly offered and admitted to probate in the Lewis County Surrogate's Court on the 18th day of January, 1935. In the application for the probate of

said will the petitioner asked for a determination of the validity, construction and effect of the disposition of property mentioned therein.

The decedent was survived by his wife, Sarah C. Abell; a son, Leon E. Abell; a daughter, Margaret A. Barnum, and a grandson, William S. Holmes, son of a deceased daughter, Ruth Abell Holmes; all of the children of the said decedent were born subsequent to August 15, 1883.

The third paragraph of the said will of decedent and the part thereof pertinent to the issue involved, is as follows: " If at the time of my decease, I have issue that are then living, then and in that case, * * * and in case of any of said two-thirds (2/3) of my estate shall remain after the care, support and tuition of my said child or children, * * * I give and bequeath such remainder to such child and in case there is more than one child then and in that case I give and bequeath such remainder to said children, share and share alike."

*First.* That the decedent having specifically mentioned and provided for after-born children in said instrument, the provisions as to intestacy governed by section 26 of the Decedent Estate Law do not apply.

*Second.* The provisions of section 29 of the Decedent Estate Law are not sufficiently broad to include the grandson, William S. Holmes, as a beneficiary under said will. The decedent specifically says: " I give and bequeath such remainder to such child and in case there is more than one child then and in that case I give and bequeath such remainder to said children."

" Nothing is better settled in the law of wills than that the term ' children ' does not include grandchildren or more remote descendants, unless there is something in the will to show that the word was used in a broader sense. * * * The distinction between a dead child expressly named or otherwise identified in a will and one who must take under the designation of a class seems to me very plain. Where the testator names the deceased child there can be no room for doubt that he intends him or his issue to take, and the statute gives effect to that intent. Where, however, a testator writes or speaks of his children in general terms he does not include grandchildren." (*Pimel* v. *Betjemann*, 183 N. Y. 194, 200; *Matter of King*, 217 id. 358, 361.)

I, therefore, hold that the grandchild, William S. Holmes, must be excluded from sharing in decedent's estate.

Let decree be entered accordingly.