7 N.J. Super. 401 (1950)
71 A.2d 546
CHARLES E. HENNEY, EXECUTOR OF LAST WILL AND TESTAMENT OF ELIZABETH H. HENNEY, DECEASED, PLAINTIFF,
v.
ELIZABETH FRANCES ERTL, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 21, 1950.
*404 Mr. Eugene T. Urbaniak, for the plaintiff.
Messrs. Kalzenbach & Salvatore (Mr. Arthur A. Salvatore, appearing), for defendants Elizabeth Frances Ertl, et al.
Mr. Thorn Lord, for defendants Margaret Lorber and Robert Henney.
Mr. Peter T. Bacsik, for defendant Charles E. Henney.
JAYNE, J.S.C.
The plaintiff in his representative capacity as the surviving executor of the two designated in the last will and testament of Elizabeth H. Henney, deceased, has instituted this action to elicit the convictions of the court in certain particulars appertaining to the administration of the decedent's estate.
Proceedings of this nature are not an unprecedented consequence where, as here, a testatrix endeavors to compose her will without the aid of a member of the bar.
The incertitude of the plaintiff embraces four inquiries which were specifically propounded at the pretrial conference. It will be expedient to consider each in sequence.
As a prelude it will be advantageous to transcribe here the articles of the will which are of superior relevancy:
"First. I nominate and appoint my brother Joseph Henney of the City of Buffalo, New York, and my nephew, Charles E. Henney of the City of Trenton, New Jersey executors of this my last will and testament.
"Second. I do hereby direct that my executors be not required to give bond for the faithful performance of their duties under my will, since I am leaving to each of them a slightly higher percentage of my estate, feeling it will pay them for their time & work.

* * * * * * *
"Eighth. I wish my executors to give to my relatives the World War II Bond bearing his name as well any percentage of money or articles mentioned in this will.

*405
 "I wish the following disposition of money and its equivalents
 To my brother Joseph Henney 40%
 To Charles E. Henney 12%
 To each of the following
 1. Elizabeth Frances Ertl 4%
 2. Ruth H. Franklin 4%
 3. John Van Buskirk 4%
 4. Howarth Van Buskirk 4%
 5. Charlotte La Bue 4%
 6. Robert Henney 4%
 7. Margaret Lobel 4%
 To each of the following
 Billy Ertl 2%
 Bobby Ertl 2%
 Ruth Enid Franklin 2%
 Byron Henney 2%
 Donald Henney 2%
 Charles E. Van Buskirk 2%
 Leonard Van Buskirk 2%

"This will leave four percent which I would like shared among the above fourteen people in the same percentage as above.

 To Walter Henney give $10.00
 To Howard Henney give $10.00"

I.

JOSEPH HENNEY HAVING PREDECEASED THE TESTATRIX, DOES THE LEGACY OF 40% MADE TO HIM LAPSE, OR DOES IT DESCEND TO HIS THREE CHILDREN?
It is acknowledged that Joseph Henney who predeceased the testatrix was her brother and that he has surviving children.
The common law rule that a devise or bequest will lapse by the death of the devisee or legatee before the testator unless a contrary provision against a lapse shall be made by the will, was originally modified in our state by the statute of 1824 (P.L. 1824, p. 174) in the event of a devise or bequest to children or other descendants of the testator or testatrix, and the amendment of the act in 1887 (P.L. 1887, p. 63) enlarged the beneficial purpose of the statute to embrace brothers and sisters and their descendants. Dildine v. Dildine, 32 N.J. Eq. 78 (Ch.); Murphy v. McKeon, 53 *406 N.J. Eq. 406 (Ch.); Trenton Trust & Safe Deposit Co. v. Sibbits, 62 N.J. Eq. 131 (Ch. 1901); Beardsley v. Wright, 89 N.J. Eq. 58 (Ch. 1918); Schoen v. Siegmund, 119 N.J. Eq. 524 (Ch. 1936). Such is the present state of our statutory law. R.S. 3:2-18. The pertinent section of the enactment does not "apply where the testator shall by the will or codicil thereto, or other instrument, have otherwise directed in regard to the children or descendants of such devisee or legatee." This statutory qualification furnishes the point about which the divergent contentions in the present case circulate.
The oral testimony introduced to reveal the surroundings of the testatrix at the time of the execution of her will, most of which was evidentially inadmissible, only confirms the transcendent regard the testatrix had at the time of the preparation of her will for the welfare of her brother. Her oral and conversational comments concerning the devolution of her estate made after the execution of her will and after the death of her brother are not legally significant and effectively subversive of her testamentary determinations.
Nor is the mere circumstance that the testatrix in her will made definite bequests to the children of her brother sufficiently indicative of an intention to defeat the application of the statute. Ryder v. Myers, 113 N.J. Eq. 360 (Ch. 1933); affirmed, 115 N.J. Eq. 169 (E. & A. 1934); In re Force, 23 N.J. Misc. 141, 146 (Orphans Ct. 1945).
All doubts are to be resolved in favor of the operation of the statute and thus an alleged adverse intention such as comprehended by the statutory proviso must be made to appear with a reasonable degree of certainty.
I conclude that the testatrix did not by her will or by any codicil thereto or other instrument direct otherwise. She is presumed to have known that unless she "otherwise directed," the bequest to her brother who predeceased her would not lapse and would pass to his children. In re Wintermute, 97 N.J. Eq. 289 (E. & A. 1925). Moreover the testatrix was fully aware of her brother's death and presumably did not choose to divert her brother's legacy from *407 the statutory path. Since the legacy does not lapse, the provisions of R.S. 3:2-19.1 are inapposite.
The legacy to the brother Joseph Henney did not lapse, and by the controlling statute is payable and legally distributable to his children.

II.

ON PAGE 6 OF THE LAST WILL AND TESTAMENT, WHAT PERCENTAGE WAS INTENDED, AND HOW MANY BENEFICIARIES WERE INTENDED TO TAKE, IT APPEARING THAT THE PERCENTAGE AS SET FORTH IN THE LAST WILL AND TESTAMENT WAS FOUR WHEN THE ACTUAL REMAINING PERCENTAGE WAS SIX, AND IT APPEARING FURTHER THAT THIS LEGACY WAS TO BE SHARED ACCORDING TO THE TERMS OF THE LAST WILL AND TESTAMENT BY 14 PEOPLE WHEN THERE ARE ACTUALLY ENUMERATED 16?
The arithmetical calculation of the testatrix in one of the particulars mentioned was obviously fallacious, but her intent is not obscure. The total of the stated percentages theretofore bestowed is 94, leaving undonated six per centum instead of four per centum of what may be regarded as the residue of her estate. However, her purpose to dispose of whatever was left is conspicuous. The pertinent sentence of the will should be construed to read, "This will leave (six) percent which I would like shared among the above fourteen people in the same percentage as above."
I am not persuaded, however, that the testatrix miscounted the number of the beneficiaries to whom she desired to bequeath this balance of her estate. True, she had named sixteen "people" in this article of her will. She realized, however, in the progress of preparing her will that she had already bequeathed to her brother Joseph Henney and to her nephew Charles E. Henney "a slightly higher percentage" of her estate. She had first determined their legacies and *408 then proceeded to make bequests "to each of the following," naming fourteen legatees. She discovered that there was a relatively small percentage which she had not yet bestowed.
In the circumstances made evident by the characteristics of the will, I resolve that the testatrix did not undertake to elevate the "higher percentage" awarded to her brother Joseph and nephew Charles, the two first named, but intended that this surplus of six per centum should be "shared" by the "fourteen people" who were in the 4% and 2% brackets.

III AND IV.

WHAT WAS INTENDED BY PARAGRAPH DESIGNATED "SECOND" OF THE LAST WILL AND TESTAMENT? WAS THE INTENT OF THE TESTATRIX THAT THE EXECUTORS NAMED SHOULD SERVE WITHOUT COMMISSIONS, AND IF THE ANSWER TO THIS PROPOUNDED QUESTION IS IN THE AFFIRMATIVE, SHOULD THE PERCENTAGE LEGACY BEQUEATHED TO CHARLES E. HENNEY BE INCREASED IN VIEW OF THE FACT THAT JOSEPH HENNEY PREDECEASED TESTATRIX AND NEVER SERVED AS EXECUTOR? AND, IF SO, BY WHAT PERCENTAGE?

IN THE EVENT THAT THE TESTATRIX INTENDED THAT THE INCREASE IN THE LEGACY BE IN LIEU OF STATUTORY COMMISSIONS, IS THERE AN OBLIGATION UPON THE EXECUTOR EITHER TO RENOUNCE THE LEGACY OR BE DEPRIVED OF THE COMMISSIONS?
Compensation by legacy to an executor is not a binding substitute for legal compensation. Heath v. Maddock, 83 N.J. Eq. 681 (E. & A. 1914); Dean Estate, 42 N.J.L.J. 301 (Orphans Ct. 1919); Tichenor v. Mechanics and Metals Nat. Bk. of N.Y., 96 N.J. Eq. 560 (Ch. 1924); Parker v. Wright, 103 N.J. Eq. 535 (Ch. 1928).
In the present case it is not evident that the testatrix intended that the two particular legacies, although made *409 "slightly higher," should fully compensate the legatees for their services as executors to the exclusion of commissions. An intended substitution of the legacy or part of it for commissions allowed by law is not apparent.
Nor is there any provision in the will for specific compensation to the executors which shall be deemed under the statute full satisfaction for their services in lieu of commissions unless such specific compensation is renounced. R.S. 3:11-5.
Assuredly this court is not empowered to adjust and co-ordinate now the amounts of the legacies bequeathed to Joseph and Charles by reason of Joseph's death before the probate of the will.
Judgment to be rendered expressive of the foregoing conclusions.