John D. Bennett, S.
This is a proceeding to construe the will which bequeathed the personal and household effects of the testatrix ‘ ‘ to my sister, Helen S. Richter, presently residing at Kingston, New York ” (emphasis supplied); and in another paragraph devised and bequeathed all the rest, residue and remainder to the said sister.
Helen S. Richter is the only beneficiary named in the will which was made on April 22,1969, and it appears that the testatrix also had a brother then living. The sister Helen S. Richter, however, was already dead when the will was made, having passed away at Kingston, New York on January 21, 1969. The testatrix lived at Great Neck, New York, and it is obvious from the above quotation and emphasized portion of the will that she did not know when she made her will that her sister had already died. After the death of the testatrix, the brother died in Massachusetts and the representative of his estate has duly appeared herein and consented that the court construe the will. Hnder the circumstances no hearing is necessary.
The primary duty of the court is to ascertain the expressed intention of the decedent, subject, of course, to applicable statutory and decisional rules of law. Since Helen S. Richter was not alive when this testamentary disposition was made she did not have the capacity to acquire and hold the property ostensibly disposed of to her (EPTL 3-1.3, subd. [a]). The question is therefore squarely presented as to the validity, construction and effect of the dispositions made to Helen S. Richter.
Helen S. Richter left her surviving one child who contends that the disposition is valid and does not lapse but vests in her *442 pursuant to the provisions of EPTL 3-3.3. On the other hand, it is urged by the estate of the deceased brother, James, that the testamentary dispositions contained in this will cannot take effect and the property must therefore be disposed of as in intestacy.
The court is of the opinion that EPTL 3-3.3 does apply here and must be construed so as to avoid a lapse of the testamentary dispositions to Helen S. Richter. The court holds that the literal wording of paragraph (1) of subdivision (a) applies here: ‘ ‘ Whenever a testamentary disposition is made to * * * a brother or sister of the testator, and such beneficiary dies during the lifetime of the testator leaving issue surviving such testator, such disposition does not lapse but vests in such surviving issue, per stirpes.” (Emphasis supplied.) In other words, “ during the lifetime of the testator ” means any time, before or after the execution of the will.
This conclusion is drawn despite the language contained in paragraph (2), which reads as follows: “ The provisions of sub-paragraph (1) apply to a disposition made to issue, brothers or sisters as a class as if the disposition were made to the beneficiaries by their individual names, except that no benefit shall be conferred hereunder upon the surviving issue of an ancestor who died before the execution of the will in which the disposition to the class was made.”
The exception which limits the ‘ ‘ anti-lapse ’ ’ benefits and denies them to the surviving issue of an ancestor who died before the execution of the will is clearly modified by the word “hereunder”, and does not affect the benefits conferred by paragraph (1).
This statute is to be read in the light of earlier decisions under the predecessor statutes. (Pimel v. Betjemann (183 N. Y. 194), although decided back in 1905 under the old Revised Statute (2 R. S. 66, § 52), clearly sets forth the reasons why a distinction was made between gifts to persons comprising a class and gifts to persons expressly named. While the statute at that time was designed to prevent the lapse of gifts only to issue of a testator, the reasoning is equally valid today as applied to a gift to a brother or sister of the" testator. At the very start of the majority opinion written by Cullen, Chief Judge, he stated (p. 197): “ I agree with Judge Vann that the provision of the statute (2 R. S. 66, § 52) applies to a case where a legacy is given to a person dead at the time of making the will.” Later the opinion goes on to state (p. 200): “ The distinction between a dead child expressly named or otherwise identified in a will and one who must take under the designation *443 of a class seems to be very plain. Where the testator names the deceased child there can be no room for doubt that he intends him or his issue to take, and the statute gives effect to that intent.”
Every will must be construed so as to effectuate the lawful intent of the maker. In Pimel v. Betjemann (supra) the testator had 11 children when he made his will and left gifts of $500 to ‘ ‘ each of ’ 5 his children. These gifts were held to be to members of a class and one of them had died five years before the will was made. In line with what the majority called 11 the experience of all of us ”, it was presumed that the testator must have been aware of the death which had occurred before the will was made. It might be said that the court in Pimel v. Betjemann (supra) was adopting a rule of reason based upon common experience, giving full effect to the expressions of intent as gleaned from the will itself. The present statute now incorporates the same rule.
. Accordingly, the testamentary dispositions made to Helen S. Richter are now held to be vested in her surviving issue.