RUSSELL MORSE & another *vs.* JOHN P. MASON & others.

A devise to "the surviving children, not knowing all their names, of my late sister A., they living in the state of Maine, to be divided equally between them all," will be construed to be a devise to all those children surviving at the date of the will; and if one of them afterwards dies, leaving issue, before the death of the testator, such issue will take the share of their deceased parent, under Gen. Sts. *c.* 92, § 28.

BILL IN EQUITY to obtain the instructions of the court as to the distribution of the estate of Susan W. Prescott, of Lancaster in this county, under the following clause of her will: " I give, bequeath and devise all the remainder of my estate, of whatsoever it may consist, to the surviving children, not knowing all their names, of my late sister Nancy Mason, they living in the state of Maine, to be divided equally between them all." Nancy Mason had eight children, four of whom died before this will was made, and one afterwards before the testator, leaving issue who survived the testator. The bill was taken for confessed against the other three children, and the case reserved upon the bill and the answer filed in behalf of said issue for the determination of the whole court.

*P. E. Aldrich*, for the issue of the child who died after the will was made.

No counsel appeared for the other parties.

GRAY, J. The presumption that, as a will speaks from the death of the testator, it refers to the state of things then existing, must yield when the will manifests the testator's intention to refer to the state of things existing at the time of making it. We are of opinion that such an intention is clearly manifested in this case. The language of the gift "to the surviving children" of the sister of the testatrix, "not knowing all their names," shows that the testatrix would have given it to them by name if she had known what their names were, and must have the same effect as if she had. The clause "they living in the state of Maine" is added by way of description of the children then living, not to limit the gift to those who might happen to live in that state at the time of the death of the testatrix. The children among whom the residue was intended to be equally divided were therefore those surviving when the will was made; and one of them having afterwards died before the testatrix, leaving issue who survived the testatrix, such issue, by our statute of wills, take their parent's share. Gen. Sts. *c.* 92, § 28.                                           *Decree accordingly.*