GALEN C. MOSES, admr. in equity, *vs.* ROBERT WALLACE ALLEN, and others.

Sagadahoc.    Opinion January 21, 1889.

*Will.    Descent.    R. S., c. 74, § 10.*

The lineal descendants, of a relative of the testator having a bequest in the will, are entitled to the legacy given to their ancestor, by virtue of R. S., c. 74, § 10, though the original legatee was dead at the date of the will. *Held,* accordingly, that the surviving children of deceased nephews and nieces, who died prior to the death of the testator, take the respective shares of their deceased parents.

IN EQUITY. Bill in equity, brought by the administrator, with the will annexed, of David Crooker, late of Bath, deceased, to obtain the construction of the will, by the court, upon the question as to who were entitled, as lawful claimants, to share in the estate, under the residuary clause of the will.

The case was submitted, by agreement, upon the facts stated in the bill. The facts are stated in the opinion.

*C. W. Larrabee,* for plaintiff.

*R. P. Tapley*, for lineal descendants of deceased nephews and nieces.

R. S., c. 74, § 10, provides that, "when a relative of the testator having a devise of real or personal estate dies before the testator leaving lineal descendants, they take such estate as would have been taken by such deceased relative if he had survived." R. S., c. 73, § 7, provides that, "devises of land to two or more persons create estates in common unless otherwise expressed, and that estates vested in survivors upon the principle of joint tenancy, shall be so held."

The parties taking under this clause of the will, took several interests, and the rules of survivorship do not apply. *Whiting* v. *Cook*, 8 Allen, 63 ; *Emerson* v. *Cutler*, 14 Pick. 108. There is no expression creating a joint tenancy in the real estate. Same rule applies to the personal property, under R. S., c. 74, § 10. *Nutter* v. *Vickery*, 64 Maine, 490.

The nomination of devisees and legatees, by kinship, is as effectual, as by name. Statute has changed the common law, by which the legacy, to those who decease before the testator, would lapse.

No distinction is made in the devise. "Give unto my nephews and nieces." The testator speaks of them as a class ; turns the residue into that class of kinship, excluding none and including all. They lived at a distance, he could not name them individually, nor did he know whether they were living or not. The absence of words of limitation, such as now living, &c., is important, where the testator nominates by a general description of kinship. Had a limitation been designed he would have imposed it. To impose such limitation would thrust upon the testator an intention never contemplated. Each family was as near to him by kinship as any other. There is no inference of law, or in the will, that he intended to withhold his bounty from children, of those who might not then be living. *Nutter* v. *Vickery*, is directly in point here, whether we suppose testator did or did not know any of her nephews and nieces were dead. These terms "nephews and nieces" identify the object of his bounty, and as said by BARROWS, J., in *Nutter* v. *Vickery*, the statute has regard to those

for whose relief it was interposed, rather than to the manner the failure would cause at common law. *Paine* v. *Prentiss*, 5 Met. 399.

The absence of any provision, in the will, for children of a deceased nephew or niece, shows he did not know of such decease, or regarded his bequest as reaching them under the law. He has named a class, a whole class, to take individually; he did not design a part of that class only, to take under this clause.

Where the will uses terms of identification, of the object of the testator's bounty, it does not speak as of the time of his death. Any other intention, than, that all the persons who ever constituted that class, of nephews and nieces, shall have a portion, to prevail, must find some warrant in the will; or as expressed in the statute of Mass. (from which ours is taken) "unless a different disposition thereof shall be made or acquired by the will," or as our statute of 1821 has it, the lineal descendants take, "any law, usage or custom to the contrary notwithstanding."

The gift must stand, as expressed in the will, and no evidence is admissible to show an intention other than that derivable from the will.

Costs: Respondents are numerous; if one or more respond and present the case successfully, all the others derive a benefit from it. The investigation relates to the distribution of the fund, and it is for the benefit of all that the opinion of the court is sought. The respondents have no right to cast upon the court the labor of the investigation, and if counsel investigate and appear, *bona fide*, they should be paid from the fund.

WALTON, J. This is a bill in equity to obtain the construction of a will. The will contains this clause:—"Sixth. All the rest and residue of my estate, real, personal, and mixed, I give, devise and bequeath unto my nephews and nieces in equal portions." The question is whether the surviving children of deceased nephews and nieces, who died prior to the death of the testator, take the respective shares of their deceased parents. We think they do. It was decided in *Nutter* v. *Vickery*, 64 Maine, 490, that upon reason, principle and authority, the lineal descendants of a relative of the testator having a bequest in the will, are

entitled to the legacy given to their ancestor, though the original legatee was dead at the date of the will; that such may fairly be presumed to have been the intention of the testator; and that our statute, which has been in force for nearly a century, was intended to secure this result. R. S., c. 74, § 10. The only difference between that case and this is that, in that case the relatives were referred to by name, while in this they are described by their relationship to the testator. We think this can make no difference in the application of the rule.

> *Decree accordingly with costs (including reasonable counsel fees) to all parties, to be paid out of the estate.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.