AARON STRONG v. VICTORY M. SMITH ET AL.

*Wills—Devise to class of persons—Death of devisees—Right of surviving issue.*

Under a will devising real estate in equal shares to the brothers and sisters of the testator and to those of his wife, without naming them, the issue of the deceased brothers and sisters of the testator who survive him will take the estate devised to their parents respectively, such a devise being governed by How. Stat. § 5812.[1]

Appeal from Wayne. (Hosmer, J.) Argued January 6, 1891. Decided February 27, 1891.

[1] See *Mann v. Hyde,* 71 Mich. 278.

Bill for partition. Complainant appeals from decree dismissing bill. Reversed, and cause remanded for entry of decree in accordance with the opinion, in which the facts are stated.

*Palmer & Palmer,* for complainant.

*Stewart & Galloway,* for defendants.

[The points of counsel are stated in the opinion.— REPORTER.]

McGRATH, J. On March 5, 1859, Justus B. Smith executed his last will, giving all of his real estate to Huldah Smith, his wife, for her sole use and benefit during her natural life-time, and after here decease, in equal shares, to "my own brothers and sisters and to the brothers and sisters of my said wife." Justus B. Smith died February 1, 1884, and Huldah Smith died in January, 1890.

At the time of the making of said will there were living John Smith, Jacob Smith, James M. Smith, Victory M. Smith, and David K. Smith, brothers, and Lucy A. Bruce and Mary Bentley, sisters, of the testator, and George P. Coan, a brother, and Rebecca Smith, Roxana Perry, Maranda M. Brighton, and Edith A. Strong, sisters, of Huldah Smith, wife of the testator. After the making of said will, and before the death of the testator, Lucy A. Bruce and Mary Bentley, sisters, and Jacob Smith, a brother, of the testator, died, each leaving issue. The legal heirs of Lucy A. Bruce, Mary Bentley, and Jacob Smith conveyed their interests to the complainant, who files a bill asking for partition, claiming title to an undivided one-fourth share of the real estate of which Justus B. Smith died seised, remaining after the death of Huldah Smith, and the payment of

debts. The answer concedes the facts set up, but denies any title in complainant, and asks for a construction of the will.

By stipulation it is agreed that—

"1. If the issue of Lucy A. Bruce, deceased, Mary Bentley, deceased, and Jacob Smith, deceased, living at the time of the death of Justus B. Smith, took the respective shares of the estate of said Justus B. Smith, deceased, by his said will, in the same manner as their respective parents would have taken had they survived their said testator, as set forth in complainant's bill, then the complainant is entitled to partition as the grantee of said issue.

"2. If the said issue of said deceased sisters and brother did not take the respective shares of the estate of said Justus B. Smith, deceased, by his will, in the same manner as their respective parents would have taken had they survived the said testator, then said bill of complaint should be dismissed."

The circuit judge dismissed the bill of complaint, finding as a matter of law that—

"The will must be. construed as speaking from the death of the testator, and the gift or devise,   *   *   * being to a class part of whom are relatives and part of whom are not, must be construed as intending the class as it existed at the said testator's death, and for that reason brothers and sisters who died prior to the decease of the testator were not devisees or legatees, and the children through whom said complainant claims had no interest in the said Justus B. Smith's estate, and their deeds to said complainant conveyed nothing."

We think the court erred in this conclusion. How. Stat. § 5812, reads as follows:

"When a devise or legacy shall be made to any child or other relation of the testator, and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will in the same manner as the devisee or legatee would have done if he had survived the testator, unless a different disposition shall be made or directed by the will."

This section has come down to us from the revision of 1838. Hence it antedates the instrument in question over 20 years, and the will must be construed in its presence. Similar statutory provisions have been enacted in nearly every state in the Union, and in most of them the precise question here has been raised and passed upon. Woerner, in his recent work on the "American Law of Administration," after calling attention to these statutory provisions, says:

"The effect of these statutes is to vest in the lineal descendants of the deceased legatee or devisee the interest which the latter would have been entitled to if *in esse* when the will took effect. * * * But as, in all cases of testamentary disposition, the testator's intention controls mere rules of construction, so these statutes will not be allowed to divert the gift contrary to the ascertained intention of the testator. Hence, if it appear that the testator intended no legatee to take unless he survived him, the legacy to one dying before the testator must lapse, although the legatee leave issue living." 2 Woerner, Adm'n, 930.

*In re Stockbridge's Petition,* 145 Mass. 517 (14 N. E. Rep. 928), the testator disposed of a portion of the residue of his estate as follows:

"One of said five parts I direct my executors to divide equally among the children of Chester Stockbridge."

David, a son of Chester and a nephew of the testator, died before the testator, leaving issue. Held, that by virtue of the statute, which is the same as ours, the issue of David, who survived the testator, were entitled to take what David would have taken had he survived the testator. The court say:

"The circumstance that the gift to him was only as one of a class does not prevent the operation of this statute."

In *Moses v. Allen,* 81 Me. 268 (17 Atl. Rep. 66), the will contained this clause:

"All the rest and residue of my estate, real, personal, and mixed, I give, devise, and bequeath unto my nephews and nieces, in equal portions."

The court say:

"The question is whether the surviving children of deceased nephews and nieces who died prior to the death of the testator take the respective shares of their deceased parents. We think they do. It was decided in *Nutter v. Vickery*, 64 Me. 490, that upon reason, principle, and authority the lineal descendants of a relative of the testator having a bequest in the will are entitled to the legacy given to their ancestor, though the original legatee was dead at the date of the will; that such may fairly be presumed to have been the intention of the testator; and that our statute, which has been in force for nearly a century, was intended to secure this result. The only difference between that case and this is that in that case the relatives were referred to by name, while in this they are described by their relationship to the testator. We think this can make no difference in the application of the rule."

In *Woolley v. Paxson*, 46 Ohio St. 307 (24 N. E. Rep. 599), one Paxson devised a portion of his estate to his son Isaac for life, remainder to the children of Isaac in fee-simple. Isaac died before the testator, leaving two daughters; Almira, intermarried with one Wooley, and Nancy, intermarried with one Caulfield. Almira and Nancy also died before the testator, each leaving issue surviving the testator. Held, that, under the provisions of the statute relating to a devise to a child or other relation of the testator, the surviving issue of each of Isaac's two daughters took the share of the devise to Isaac's children which the deceased mother would have taken had she survived the testator. The court say:

"The rule as to the lapsing of devises and legacies, that prevailed before the statute, defeated, in most cases, the intention of the testator. He generally made his will with reference to the objects of his bounty as they existed at the time, and as though his will took effect at

the date of its execution, not apprehending that a lapse would occur in case any of them should die before himself, unless some express disposition should be made in anticipation of such event. The statute was passed to remedy such disappointments, and should receive a liberal construction, so as to advance the remedy and suppress the mischief."

After referring to the statutory provision, the court continues:

"Nothing is more just and conformable to the probable intention of the testator in every instance. The fact that the child or relative is not mentioned by name should not defeat the application of the statute where the language, applied to the facts as they were at the execution of the will, designates a child or relative as an object of the testator's bounty with as much certainty as if it were mentioned by name. * * * They were all adults, and their names well known to him, and the devise that he makes is to Isaac for life and then to *his children* in fee-simple. This, in the light of the circumstances, must be taken in a distributive sense, and is a devise to each of Isaac's children of the fee-simple in remainder as definitely as if it had been to each by name. * * * Hence, as under a devise to a class each member who survives the testator would, independent of the statute, take an aliquot part of the devise as a tenant in common with the other survivors, therefore, under the statute in such case, the issue of a deceased member of the class surviving the testator must take what the deceased would have taken had he survived. Any other construction would render the statute nugatory in a large class of cases to which its provisions are by its terms directly applicable."

See, also, *Moore v. Dimond,* 5 R. I. 121; *Guitar v. Gordon,* 17 Mo. 408; *Jamison v. Hay,* 46 Id. 546; *Cheney v. Selman,* 71 Ga. 384; *Yeates v. Gill,* 9 B. Mon. 203; *Hoke v. Hoke,* 12 W. Va. 327; *Jones v. Jones,* 37 Ala. 649; *Gordon v. Pendleton,* 84 N. C. 98; *Shepard v. Shepard,* 60 Vt. 109 (14 Atl. Rep. 536); *Chenault v. Chenault,* (Ky.), 9 S. W. Rep. 775, 11 Id. 426; *Dixon v. Cooper,* 88 Tenn. 177 (12 S. W. Rep. 445).

In the present case, by the terms of the will itself, as well as by the operation of our statute relating to grants and devises made to two or more persons (How. Stat. § 5560), the devisees are made tenants in common. The testator distributed to each an equal share. The devisees, at the time of the execution of the will, were all known to the testator. They had matured. The "class" was liable to diminution only. The fact that the brothers and sisters of the testator were not named does not take them out of the statute. Indeed, under the authorities, the question—

"Whether a gift is one to a class does not depend upon the fact that the devisees are not named individually, but upon the mode of the gift itself, namely, that it is a gift of an aggregate sum to a body of persons, *uncertain in number at the time of the gift,* to be ascertained at a future time, the share of each being dependent for its amount upon the ultimate number of persons."

Here the body of persons was not uncertain in number. The gift was to a certain number, in "equal shares."

It may be urged that it was not the intention of the testator to make any distinction between his own brothers and sisters and those of his wife, and that the interpretation insisted upon by complainant makes the heirs of his own brothers and sisters take, while the heirs of any one of his wife's brothers and sisters would not take; but the same would be true in case of bequests to A., B., and C., children, and D., a stranger, of definite amounts, for in case of the death of D. his issue would not take, while in the case of the death of A., B., and C. their issue would take under the statute, and solely by virtue of the statute.

It cannot be contended that the sole object of the statute is to provide for the disposition of property as to which the will fails, for it only relates to such lapses as

would occur by the death of any child or other relation of the testator, and has no application, in any event, to the issue of persons other than children or relatives. The evident intent of the Legislature was not to prevent lapses in general, but to provide for the protection of the kindred of the testator. The case of *Eberts v. Eberts,* 42 Mich. 404, has no application, for in that case a different disposition was made by the will. The devise was "to the surviving children of my brothers," and the Court held that the testatrix intended those children of her brothers who survived the testatrix. It is clear that the statute was intended to control any and all legacies or devises to children or relatives, whether the children or relatives are the only legatees or devisees, or whether included with other classes not coming within its protection. Lucy A. Bruce, Mary Bentley, and Jacob Smith were relatives of Justus B. Smith, the testator, and complainant's grantors are the issue of such relatives, who survive the testator, and such issue took the respective shares of the estate of Justus B. Smith, given by the will, in the same manner as the said Lucy A. Bruce, Mary Bentley, and Jacob Smith would have done if they had survived the testator.

The decree of the court will be reversed, and the record remanded to the court below, where a decree will be entered in accordance herewith.

The other Justices concurred.