ELIHU HOWLAND & another *vs.* BENJAMIN W. SLADE
& others.

Bristol.   October 29, 1891. — January 9, 1892.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Will — Gift to a Class — Right of Representation.*

Gifts were made in different clauses of a will to "all my first cousins on my father's side," "all my first cousins on my mother's side," and "all my first cousins," without more. *Held,* that those entitled to take under the will were (1) the first cousins living at the death of the testator, and, (2) by force of the Pub. Sts. c. 127, § 23, the issue of first cousins who died between the making of the will and the death of the testator.

BILL IN EQUITY, filed in this court by the executor of the will of Frederick Slade, for instructions as to what were meant by the terms "my first cousins" and "all my first cousins," occurring in separate clauses of the will, and whether, in addition to the first cousins of the testator living at his death, the issue of first cousins of his who died between the making of the will and his death, and the issue of first cousins who died before the execution of the will, either or both, were entitled to take under the will by right of representation.  Hearing before *Barker,* J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*C. P. Sherman,* for the executors.

*C. W. Clifford,* for living first cousins.

*W. Clifford,* for the issue of first cousins living at the date of the will.

*H. H. Crapo,* for the issue of first cousins who died before the will was made.

MORTON, J.   It is clear that the issue of the first cousins who died before the making of the will cannot take under it.   There is nothing in the will to indicate a purpose on the part of the testator that they should share his bounty, and, in the absence of such an intention, it is plain, upon the authorities, that they are not to be regarded as beneficiaries.  *Merriam* v. *Simonds,* 121 Mass. 198, 203.   *In re Webster's estate,* 23 Ch. D. 737.   *In re Chinery,* 39 Ch. D. 614.   *Groves* v. *Musther,* 43 Ch. D. 569.

*In re Hotchkiss,* L. R. 8 Eq. 643. *Habergham* v. *Ridehalgh,* L. R. 9 Eq. 395. At the time when the will was made, they did not fall within the description of first cousins, and, without something to show that such was to be the case, they could not take as substitutes for or in the place of the first cousins who were dead, because these could not themselves have taken as members of the original class. *In re Webster's estate, ubi supra.*

The most difficult question is, whether the issue of the first cousins who died between the making of the will and the death of the testator can take. The will is singularly barren of anything that tends to throw light on the point. In many of the cases referred to by counsel, it is evident, either from the fact that the testator provided by a gift over for the death of any of them in his lifetime, or from some other circumstance, that he had in mind persons living at the time of the making of his will as constituting the class which was to take. But nothing of the kind appears here. The provisions are : " 8th. I give to all my first cousins on my father's side. . . . 9th. I give to my first cousins on my mother's side. . . . 15th. I give and bequeath the rest and residue of my estate equally between all my first cousins." There is nothing to indicate whether the testator had in mind the first cousins who were living at the time of making the will, or those who might be living at the time of his death. The word " all " gives us no help. Whichever construction is adopted, to say " my first cousins " would be the same thing as saying " all my first cousins." We are forced to resort, then, to general rules.

Speaking generally, when a testamentary gift is made to a class of persons to take effect in possession immediately, those who constitute the class at the death of the testator, when the will becomes operative, take unless a different intent appears from the will, or from such extrinsic circumstances as may be properly taken into account. *Worcester* v. *Worcester,* 101 Mass. 128, 132. *Merriam* v. *Simonds,* 121 Mass. 198, 202. *Campbell* v. *Rawdon,* 18 N. Y. 412. *Baldwin* v. *Rogers,* 3 DeG., M. & G. 649. 2 Redf. on Wills, (4th ed.) § 44, par. 2. We think this rule must apply. Its effect, however, will be modified by the Pub. Sts. c. 127, § 23, which provide that where a legacy is given to a child or other relative of the testator, and such child or

other relative dies before the testator leaving issue surviving the testator, such issue shall take the legacy, unless a different intention is manifested by the will. It does not matter, as has been held, that such child or other relative is treated as one of a class by the testator; the issue will still take the legacy which the deceased person would have taken had he survived the testator. *Moore* v. *Weaver*, 16 Gray, 305. *Stockbridge, petitioner*, 145 Mass. 517. *Moore* v. *Dimond*, 5 R. I. 121. The result is, therefore, that the first cousins of the testator living at his death, together with the issue of first cousins of his who died between the making of the will and the testator's death, will take.                                    *Decree accordingly.*