IN THE MATTER OF THE WILL OF JOHN NICHOLSON, deceased, JOHN DOWNING, by his next friend, Appellee, v. ELIZABETH NICHOLSON, Executrix of the last will and testament of John Nicholson, deceased, Appellant.

Will Devising to a Class:    ASCERTAINING OF CLASS:    *Construction.* Unless the will indicates a contrary intent, where there is a devise to a class, the members of the class are to be determined on the testator's death—the will speaking from such time.

INHERITANCE FROM MEMBER OF CLASS. Code, section 3281, which provides that, if a devisee dies before a testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest, applies as well to a devise to a class as to an individual.

*Substitution of child of member.* The statute does not apply where the devise is to testator's "nephews and nieces," and a niece is dead when the will is executed, so as to authorize the child of such niece to take by substitution.

*Appeal from Allmakee District Court.*—HON. L. E. FELLOWS, Judge.

FRIDAY, JANUARY 31, 1902.

THIS is a special action in which John Downing, a grandnephew of John Nicholson, deceased, asks the court to declare him to be a devisee under the will of the said

Nicholson, and to order distribution of the estate according-ly. The trial court granted the relief asked, and the exec-utrix appeals.—*Reversed.*

*D. J. Murphy* for appellant.

*W. S. Hart* for appellee.

DEEMER, J.—John Nicholson died testate June 2, 1898. His will was executed May 19th of the same year. This will made certain bequests to relatives and others, and contained the following residuary clause:    "After paying all the foregoing amounts, I give and be-queath the balance of my property to be divided equally between all my nephews and nieces." John Down-ing, the applicant herein, is a son of Mary Fitzpatrick, nee Nicholson; and Mary Fitzpatrick was a daughter of Mi-chael Nicholson, a brother of the deceased.    Mrs. Fitz-patrick, applicant's mother, died June, 15, 1883, which, as will be observed, was long prior to the time John Nicholson made his will.    John Downing, who is a grandnephew of the deceased, claims that he is entitled to take, under the residuary clause of the will, the share his mother would have received, had she outlived the testator.    This clause devises the remainder of his property to testator's nephews and nieces as a class, and applicant is not one of that class. His claim, however, is that he is a substituted legatee, and as such is entitled to the share his mother would have re-ceived had she outlived the testator.    A devise to nephews will not include grandnephews unless there be something in the context which shows that testator in-tended to include them, or unless there be such an ambi-guity as authorizes extrinsic evidence for the purpose of showing that grandnephews were intended to be included. The case was decided by the trial court on the pleadings, and the facts we have recited are the only ones admitted

by the parties. True, something is said in the petition about the intention of the testator; but this is denied in the answer, and therefore cannot be treated as a fact in the disposition of the case. The proposition of law announced is too plain for controversy, and we need only cite in its support *In re Woodward*, 117 N. Y. 522 (23 N. E. Rep. 120, 7 L. R. A. 367), and cases therein cited. Applicant practically concedes this rule, but he relies on section 3281 of the Code, which reads as follows: "If a devisee die before a testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest." The mischief this statute was enacted to cure was the common law rule to the effect that a devise to one who dies before the death of the testator lapses. *Mc-Menomy v. McMenomy*, 22 Iowa, 148. Nearly every state in the Union has adopted statutes similar to this, although few are as comprehensive. Some of them apply only to cases where the original beneficiary was a child or other lineal descendant of the testator; some to cases where the beneficiary is a child or other relative, and dies leaving issue surviving the testator (and in some of the states of this group the statute applies only to certain classes of relatives, who are clearly pointed out by the statute); and some to all cases, no matter what relation the beneficiary is to the testator, or whether the beneficiary leaves descendants or not. See statutes and cases cited and referred to in 18 Am. & Eng. Enc. Law, pp. 755, 756, *et seq.* The remedy for this mischief of the common law was first adopted in this state with the Code of 1851, which was in the same language as the statute under consideration, save that in place of the word "property" the word "amount" is used. Section 2319 of the Revision is a copy of section 1287 of the Code of 1851, and this same language is carried into section 2337 of the Code of 1873. For more than 50 years it has been the policy of this state to prevent lapses where a devisee dies before the death of the testator, and this has

been done by the use of the broadest and most comprehensive language. We are now, for the first time, called upon to determine whether or not this section applies to a devise to a class, and, if so, whether or not it applies to such devisees when one of that class is dead at the time testator made his will; and this without the aid of other extrinsic evidence, save such as identifies the persons belonging to the class, and identifies the claimant as a grandnephew of the testator. On entering this field, we, as usual, find quite a number of conflicting decisions, and are again reminded that it seems almost impossible to write a statute in language so clear that it may not be the subject of controversy.

Since a will speaks from the day of the testator's death, the members of the class, where the devise is to a class, are *prima facie* to be determined upon the death of the testator. *Ruggles v. Randall,* 70 Conn. 44 (38 Atl. Rep. 885); *Richardson v. Willis,* 163 Mass. 130 (39 N. E. Rep. 1015); *Buzby v. Roberts,* 53 N. J. Eq. 566 (32 Atl. Rep. 9). But this is not an unyielding rule, even at common law. The will itself may indicate a contrary intent, and if that be so this intent will be adopted and enforced. *In re Swenson's Estate,* 55 Minn. 300 (56 N. W. Rep. 1115); *Bailey v. Brown,* 19 R. I. 669 (36 Atl. Rep. 581). Under the common law rule, the members of the class to whom testator left his residue estate would be determined upon the day of his death; and, as applicant herein is neither a nephew nor a niece, he would be excluded. Applicant's counsel contend, however, that the statute which we have quoted modifies this rule to this extent: that, although the members of the class are to be determined as upon the day of the testator's death, yet, as the applicant is an heir of one of that class, who would have taken under the will, had his mother survived, he is entitled to her share, and that the decree of the trial court, so holding, is correct. Some of the cases hold that the general common law

rule with reference to gifts to a class is not affected by these statutes, for the reason that they are only intended to apply where something is given by will to one who dies before the testator, and have no application to gifts to a class, where the gift is, in legal effect, only to the members of that class in existence at a designated time. See *In re Harvey's Estate* [1893] 1 Ch. 567; *Martin v. Trustees,* 98 Ga. 320 (25 S. E. Rep 522). This is also the rule in England. *Olney v. Bates,* 3 Drew. 319; *Browne v. Hammond,* 4 Johns. Eng. Ch. 210. But in other states these statutes are held applicable to gifts to a class as well as to individuals. *Howland v. Slade,* 155 Mass. 415 (29 N. E. Rep. 631); *Bray v. Pullen,* 84 Me. 185 (24 Atl. Rep. 811); *Strong v. Smith,* 84 Mich. 567 (48 N. W. Rep. 183); *Parker v. Leach,* 66 N. H. 416 (31 Atl. Rep. 19); *In re Bradley's Estate,* 166 Pa. 300 (31 Atl. Rep. 96); *Jones v. Hunt,* 96 Tenn, 369 (34 S. W. Rep. 693); *Wildberger v. Check's Ex'rs,* 94 Va. 517 (27 S. E. Rep. 441). The numercial weight of authority seems to favor this rule, although it also will yield to the intent of the testator as found in the context of the will, or as shown by competent and legitimate evidence. *White v. Institute,* 171 Mass. 84 (50 N. E. Rep. 512); *Bigelow v. Clap,* 166 Mass. 88 (43 N. E. Rep 1037); *Almy v. Jones,* 17 R. I. 265 (21 Atl. Rep. 616, 12 L. R. A. 414). The reason for this general rule appears to be that, as the statute is remedial in character, it should receive a liberal construction, so as to advance the remedy and suppress the mischief; that wills are presumed to be drawn with reference to existing laws and that in arriving at a testator's intent we must presume that he had knowledge of the law, and drafted his will accordingly; that in gifts of the class in question a testator is presumed to treat all members of the class as surviving, although some of them be dead, and that, in the absence

of other evidence, this presumption will be conclusive; and that there is no substantial difference between a gift to all of a class and a gift to each member thereof, naming them. Where there is such conflict in authority, much may be said in support of either rule. Despite the temptation, we will not enter into a further discussion of the matter, but content ourselves with saying that we prefer the doctrine announced by the greater number of the cases as a rule of general application, but that, like all other rules on the subject, it must yield to the intent of the testator when that can be ascertained; for that is the polar star of all inquiry in such cases. *Daboll v. Field,* 9 R. I. 266.

With these rules settled, we are now brought down to the pivotal point in the case, to-wit, does the statute apply to a case where the devise is to a class, one of the members of which is dead at the time the will was executed, so that the heirs of the deceased member take by substitution or representation? Here, again, there is a decided and irreconcilable conflict in the case. Holding to the affirmative of the proposition are *Bray v. Pullen,* 84 Me. 185 (24 Atl. Rep. 811); *Wildberger v. Cheek's Ex'rs,* 94 Va. 517 (27 S. E. Rep. 441); *Winter v. Winter,* 5 Hare, 306; *Moses v. Allen,* 81 Me. 268 (17 Atl. Rep. 66); *Jamison v. Hay,* 46 Mo. 546; *Chenault's Guardian v. Chenault's Estate,* 88 Ky. 83 (9 S. W. Rep. 775). On the other hand, statutes to prevent lapses are held not to apply where the supposed devisee is dead at the time the will is made. *White v. Institute, supra; Billingsley v. Tongue,* 9 Md. 575; *Lindsay v. Pleasants,* 39 N. C. 320; *Almy v. Jones,* 17 R. I. 265 (21 Atl. Rep. 216, 12 L. R. A. 414); *Tolbert v. Burns,* 82 Ga. 213 (8 S. E. Rep. 79). We cannot take the time or space necessary to review these authorities. Some of them were decided on facts indicating the testator's intent to be in accord with the statutory construction, and at least one on a statute which provided

that the issue of a devisee who is dead at the time of the making of the will shall take the property given to him. We do not favor any arbitrary rule with reference to this matter, preferring to leave each case to be determined on its own peculiar facts. We may say, however, that at common law a legacy or devise to a person who was dead at the time of the making of the will was void, or, as some cases put it, lapsed. And it is only perforce of a somewhat strained construction of language that statutes similar to the one under construction are held to modify this rule. In Kentucky there is an express statute which does so. See cases heretofore cited. And we understand Tennesee has a like statute. See *Dixon v. Cooper,* 88 Tenn. 177 (12 S. W. Rep. 445). This general rule also obtained even where the testator knew that the donee was dead. *Dildine v. Dildine,* 32 N. J. Eq. 78. If a deceased beneficiary is specifically named in the will, this, perhaps, is a sufficient indication that the testator intended his heirs to take, under the statute before quoted, as substitutional or representative devisees. But where the gift is to a class, of which there are many members, it is reasonable to suppose that the testator had in mind only those of that class who were living at the time he made his will. To apply the rule to the instant case, when testator made his will he had several nephews and nieces living. He also had at least one grandnephew, whose mother had been dead for more than 10 years. In the residuary clause of his will he devised his remaining property to his "nephews and nieces," share and share alike. Did he intend by this description of to give any part of it to this grandnephew? Surely not, for it would have been easy to include him if he had so desired. Taking the will by its "four corners," and reading it in the light of the admitted facts, we hardly think one unversed in the law would say that testator intended to include applicant in the class described as "nephews and nieces." If he

had intended to include the grandnephew, we think it more likely that he would have named him. Nephews and nieces are here the primary devisees. Nothing whatever is given to their issue, except as they may be substituted under the statute. In order to claim under the will, this substituted legatee must point out the original legatee in whose place he would stand. At the date of the will none but living nephews and nieces of the testator could have taken. The issue of the one who was dead at that time can show no object of substitution, and to give him an original legacy would be, in effect, to make a new will for the testator. Of course, if the proposed legatee or devisee is living at the time the will is made, and subsequently dies before the death of the testator, a different intent is manifest, which will be given effect in virtue of the statute under which applicant claims. But where, as in this case, the gift is to a class, it is perfectly clear that testator had in mind only those members of the class who were then in existence. This conclusion is not in harmony with some of the cases we have cited, which hold that it makes no difference whether the devise is to a class or to designated beneficiaries, but we think that in arriving at the testator's intent there is a manifest difference. In the one case there is a devise to a particular person, showing an intent that that person or his heirs are the objects of his bounty, while in the other there is a devise to all of a class, and not to one of a different class, who is in no manner referred to in the will. Mrs. Fitzpatrick was never a devisee under the will, for she was dead and incapable of taking when the will was executed. True, her son was living; but that the testator intended to exclude him is manifest from the fact that he makes no mention of him by name, nor is he included in the class which is to take the residuary estate. The primary rule in the construction of all wills is the intent of the testator. When this is ascertained, almost all arbitrary and judge made rules will yield, and the intent prevail. The statute in

question is based on the assumption that the testator would prefer his estate go to the legatee's descendants rather than to have it lapse. And it was not intended, we think, to apply to a case like this, where the persons whom he intended to take are clearly pointed out as a class. There was no devise in this case which would lapse, unless we arbitrarily say that he intended a part of his estate to go to one whom he knew to be dead when he made his last will and testament. Although it has been a difficult task to pioneer our way through the conflicting authorities which have been cited by counsel, and others which we have discovered on an independent investigation, we reach the quite satisfactory conclusion that the applicant is not entitled to take under the will, and that the court was in error in declaring him a beneficiary on the pleadings as they stood at the time the motion for decree was submitted.

It follows that the decree must be REVERSED.