FLORENCE L. PIMEL, Respondent, *v.* CHRISTOPHER BETJEMANN. as Executor of JOHN BAHRENBURG, Appellant.

1. WILL — BEQUEST TO CLASS INCLUDES ONLY MEMBERS LIVING WHEN WILL IS MADE. A bequest to a class does not include persons dead before the making of the will, who, had they survived until that time, would have fallen within the description given to the class, in the absence of something in the will or surrounding circumstances to show a different intent.

2. SAME — LAPSED LEGACY. A direction to executors, by a testator with knowledge of the death of one of his children, " to pay to each of my children who shall have arrived at the age of twenty-one years the sum of ($500.) Five hundred dollars as soon after my decease as my executors conveniently can," is a bequest to a class and indicates no intent upon the part of the testator that the issue of the deceased child should share

therein; a daughter of the deceased child is not entitled, therefore, under section 52 of the Revised Statutes relating to lapsed legacies (2 R. S. 66), to the legacy her mother would have had had she lived.

*Pimel* v. *Betjemann,* 99 App. Div. 559, reversed.

(Argued October 6, 1905; decided November 28, 1905.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 20, 1904, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

John Bahrenburg, a resident of the city of Brooklyn, died on the 25th of February, 1889, leaving a last will and testament, dated May 17th, 1887, whereby he gave his residuary estate in trust for various purposes, and among them,

" 1. To pay to each of my children who shall have arrived at the age of 21 years, the sum of ($500) Five hundred dollars as soon after my decease as my executors conveniently can. * * *

" 3. To pay each of my sons and daughters, who shall be minors at the time of my decease, the sum of ($500) Five hundred dollars when he or she shall arrive at the age of twenty-one years."

When he made his will he had eleven children, only three of whom were over 21 years of age. One daughter, born June 27th, 1860, had died on the 10th of July, 1882, leaving the plaintiff, who was born July 4th, 1882, her only child surviving. The testator knew that his said daughter was dead, and that the plaintiff was living at the date of his will. This action was brought to recover the legacy of $500 bequeathed by him to each of his children, upon the theory that as the plaintiff survived the testator while her mother died during his lifetime, the legacy did not lapse, but vested in her under the statute relating to lapsed legacies. That statute is as follows:

" Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, and such legatee or devisee shall die during the lifetime of the

testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate." (2 R. S. 66, § 52.)

The judgment rendered by the trial court in favor of the plaintiff having been unanimously affirmed by the Appellate Division, the defendant, executor, appealed to this court.

*Andrew Van Thun, Jr.,* for appellant. The plaintiff cannot recover in this action unless she brings her case within the statute providing against the lapsing of devises and legacies to descendants. She must establish that the sum of $500 was bequeathed to her mother, to which she is entitled, as her descendant, under the statute. (2 R. S. 66, § 52.) A logical construction of the statute would seem to require that the legatee be alive at the time of the making of the will on the theory that a legacy cannot be given to a deceased person. (*Van Beuren* v. *Dash,* 30 N. Y. 393; *Matter of Wells,* 113 N. Y. 396; *Almy* v. *Jones,* 17 R. I. 265; *Downing* v. *Marshall,* 88 N. W. Rep. 1064; *Howland* v. *Slade,* 155 Mass. 415; *Matter of Paine,* 176 Mass. 242; *Lee* v. *Gay,* 155 Mass. 423.) The effect of the statute is to incorporate into a will, silent on the subject, a clause of substitution by which a legacy given to a child, who may have died intermediate the making of the will and the death of the testator, passes to the issue of such legatee as substitutionary legatees in order to carry out the presumed intention of the testator. (*Palmer* v. *Dunham,* 125 N. Y. 68; *Matter of Crawford,* 113 N. Y. 366; *Westcott* v. *Higgins,* 42 App. Div. 69; 169 N. Y. 582; 2 Jarman on Wills [6th ed.], \*1584–1588.)

*Thomas Kelby* for respondent. The legacy is saved to the issue of the child named as legatee although such child were dead at the date of the will. (*Barnes* v. *Huson,* 60 Barb.

598; *Barkworth* v. *Young*, 4 Drewry, 1; *Wisden* v. *Wisden*, 2 S. & G. 404; *Winter* v. *Winter*, 5 Hare, 306; *Nutter* v. *Vickery*, 64 Me. 490; *Minter's Appeal*, 40 Penn. St. 111; *Mower* v. *Orr*, 7 Hare, 473; *Moses* v. *Allen*, 81 Me. 268; *Bray* v. *Pullen*, 84 Me. 185; *Jamison* v. *Hay*, 46 Mo. 546; Redfield's Surr. Pr. 636, § 764; *Darden* v. *Harrill*, 10 Lea [Tenn.], 421; *Matter of Hafner*, 45 App. Div. 549.) Where the legatees are referred to by terms of relationship instead of being mentioned by name in a will the descendants of any of them who had died before the date of the will take thereunder. (*Moses* v. *Allen*, 81 Me. 268; *Matter of Bradley*, 166 Penn. St. 300; *Stockbridge Case*, 145 Mass. 517; *Howland* v. *Slade*, 155 Mass. 415.)

Cullen, Ch. J. I agree with Judge Vann that the provision of the statute (2 R. S. 66, § 52) applies to a case where a legacy is given to a person dead at the time of making the will. Indeed, I find but two jurisdictions, Rhode Island and Maryland, in which a contrary rule obtains. (*Almy* v. *Jones*, 17 R. I. 265; *Billingsley* v. *Tongue*, 9 Md. 575.) But the question remains whether the will of the testator did give the mother of the plaintiff a legacy, and this is the real question in this case; that is to say, whether the gift to the testator's children included a child deceased before making the will. The question is not as to the effect of the statute, but as to the intent of the testator. Before discussing the question on principle I shall review the state of the authorities and, of course, in such review, refer only to those jurisdictions in which it is held that a legacy to a child deceased at the making of the will falls within the statute.

The revisers' note to section 52 states that it was taken from a statute of Massachusetts on the subject. Now, as I read the decisions, the law in Massachusetts is not that a gift to a deceased relative is void and without the statute. In *Rowland* v. *Slade* (155 Mass. 415), the leading case in that state on the subject, the decision that under a gift to "all my first cousins," the issue of first cousins deceased before the

making of the will could not take, while the issue of those
who died intermediate the will of the testator and his death
could take, proceeded not on the principle that a legacy to a
dead person was void, but on the ground that under well-
settled authority such a gift indicated no intention on the part
of the testator to include cousins already deceased.          In
Georgia the decisions are in harmony with those of Massa-
chusetts.          In *Cheney* v. *Selman* (71 Ga. 384) it was held that
a legacy to a person dead at the time of the making of the
will was not void but went to his issue.          But in *Davie* v.
*Wynn* (80 Ga. 673), the devise being to the nephews and
nieces of the testator, it was held that the issue of two
nieces who had died prior to the making of the will could not
take because, on account of their previous death, they did not
fall within the class to whom the testator had given his prop-
erty.          It was said in substance there that the question was the
construction of the will, not the effect of the statute.          The
same doctrine was held in *Tolbert* v. *Burns* (82 Ga. 213).
To the same effect is *Downing* v. *Nicholson* (115 Iowa, 493),
where the learned court conceded that if the gift had been to
an individual by name, the decision would have been dif-
ferent.          In England the statute (1 Vict. ch. 26) differs from
our own in sending the legacy to the personal representatives
of the deceased legatee instead of the substitutional gift to the
legatee's issue provided by our statute.          This does not affect,
however, the question before us, which is substantially the
same under both statutes.          The rule in England is the same
as that which prevails in the most of our states, that it is imma-
terial whether the death of the legatee happens before or
after the date of the will.          (1 Jarman on Wills, 323.)          But it
seems that it is also the settled rule there that where a gift
is to a class the statute does not apply.          (*Olney* v. *Bates*, 3
Drewry, 319.)          It was observed by the vice-chancellor : "The
intention of the legislature was to provide against lapse
merely, not to alter the construction which is to be put on any
will."          (To the same effect see, also, *Browne* v. *Hammond*,
Johnson, 210 ; *Harvey* v. *Gillow*, Law Journal Rep. [62

Chanc. Div.] p. 328.)   On the other hand it has been held in Maine (*Nutter* v. *Vickery*, 64 Me. 490; *Moses* v. *Allen*, 81 Me. 268) and in Missouri (*Guitar* v. *Gordon*, 17 Mo. 408; *Jamison* v. *Hay*, 46 Mo. 546) that the issue of a class who are deceased at the time of the execution of a will take under the statute the same as the issue of those who die subsequently but before the testator.   These are the only authorities on the precise question which I can find.   The Kentucky case (*Chenault* v. *Chenault*, 9 S. W. Rep. 775) is not in point because the decision was based not on the statute as originally enacted in that state, substantially in the same form as our own, but under two sections subsequently added, which have no existence either in form or substance in our legislation.   All the case of *Barnes* v. *Huson* (60 Barb. 598), in the Supreme Court of this state, decides is that where a legacy or devise is given to a dead child in express terms the legacy under the statute is not void nor does it lapse but goes to the issue of the child.   This is simply what I have said is the rule in most jurisdictions.   *Wilberger* v. *Cheek* (94 Va. 517) is to the same effect.   There the deceased legatee was expressly named, and so far as the opinion relates to bequests to a class under another clause of the will it does not in any respect deal with the question before us.

It seems to me, therefore, that the clear weight of authority is in favor of the proposition that a bequest to a class does not include persons dead before the making of the will; who, had they survived till that time, would have fallen within the description given to the class, of course, in the absence of something in the will or surrounding circumstances to show a different intent.   There can be no question as to the evil intended to be remedied by this legislation.   It was to abrogate in the case of the death of a child before that of the testator the common-law rule that a devise or legacy to him lapsed and to substitute the children of the deceased child for the primary object of the testator's bounty.   This is recognized in all the cases and text books, where it is often said that many testators are ignorant of the common-

law rule, and in most cases the rule operates to defeat the intention of the testator. As was observed in the English cases cited it was not enacted to change the construction to be given wills. In the opinion delivered in *Nutter* v. *Vickery* (*supra*) it is said that the argument against including children or relatives deceased at the time of making the will, is based upon the distinction between lapsed and void devises and the assumption that the statute takes effect only in case of lapsed legacies. The learned court, I think, has here fallen into error, for, as I have shown in several jurisdictions which hold that void legacies equally with lapsed legacies fall within the statute, it also held that in the case of a gift to a class persons who have predeceased the execution of the will are not members of the class. This rule accords with the actual intent of testators. Nothing is better settled in the law of wills than that the term " children" does not include grandchildren or more remote descendants, unless there is something in the will to show that the word was used in a broader sense. This is not based on any technical rule of law ; on the contrary, it is founded on the ordinary meaning of the word and the presumption that the testator has used the term in its ordinary sense. The decision below overturns this rule and declares that a devise or bequest to children of the testator includes grandchildren. The distinction between a dead child expressly named or otherwise identified in a will and one who must take under the designation of a class seems to me very plain. Where the testator names the deceased child there can be no room for doubt that he intends him or his issue to take, and the statute gives effect to that intent. Where, however, a testator writes or speaks of his children in general terms he does not include grandchildren. So the courts have uniformly held, and such, I think, the experience of all of us will confirm as being the actual fact. So, also, there is a plain distinction between the death of a member of a class subsequent to making the will and a death prior to that time. In the first case it is both possible and probable, unless some provision for the contin-

gency is made in the will, that the testator did not anticipate its occurrence. In the latter the occurrence is not contingent but has actually happened, and, therefore, the fact is necessarily present in the testator's mind except in some exceptional case. Take the present case. The plaintiff's mother had died five years before the will was made and of her death the testator was entirely aware. If he had intended to leave a legacy to his grandchild he would have said so, instead of leaving his intention to be worked out in an indirect manner under a statute of which in all probability he was as ignorant as he was of the rule which the statute was enacted to abrogate. Moreover, a legacy of five hundred dollars is given to each of the testator's children who might not have arrived at the age of twenty-one years, only as he reached that age. The plaintiff was less than five years old at the date of the will and less than seven years old at the death of the testator. If the testator intended that the plaintiff should receive a legacy of five hundred dollars, can there be any question that the gift would have been subject to the same restriction as that imposed in the case of his own children, to wit, that it should be payable only on his reaching the age of twenty-one years? Yet, under the decision below, he became entitled to the legacy thirteen years before reaching his majority, and, of course, is awarded interest on it from that time. I appreciate that at times, on account of fixed rules of law, to depart from which would create confusion, it is necessary for courts to attribute to a testator an intention which it is very doubtful if he actually had, but we are not compelled to construe a statute so as to effect such an unfortunate result when there is nothing in the statute that deals with the construction of wills.

I think the judgment below should be reversed and the complaint dismissed, with costs.

VANN, J. (dissenting). While the Revised Statutes authorize one to dispose of all his property by will, they make careful provision to protect his descendants from accident or over-

sight in two classes of cases : 1. When a child, born to the testator after the date of his will, is left unprovided for. (2 R. S. 65, § 49 ; L. 1869, ch. 22, § 1.) 2. When a child to whom a legacy is given by his parent's will dies during the lifetime of the testator leaving a child or other descendant who survives the testator. (2 R. S. 66, § 52.) In the former case the after-born child, notwithstanding the will, succeeds to the same portion of the parent's estate as if he had died intestate ; and in the latter the legacy does not lapse as it would at common law, but vests in the surviving children or other descendants of the child so dying, as if such child had survived the testator and had died intestate. The same care is taken with reference to a devisee or legatee who is a witness to a will. While the gift is void, still if the witness would have inherited in the absence of a will, he takes the same share, not exceeding the value of the gift, notwithstanding the will. (2 R. S. 65, 66, §§ 50, 51.)

There would be no difficulty in this case if the plaintiff's mother had died after the will was made and during the lifetime of the testator, but it is claimed that as a legacy to a deceased person is void, the statute should be limited to a child dying between the date of the will and the death of the testator. The only case upon the subject in this state covers that point specifically by holding that owing to the statute a grandchild takes a legacy through its father, even if the father died before the will was made, and the grandfather, who was the testator, had heard of it when he executed the will. (*Barnes* v. *Huson*, 60 Barb. 598.)

In the able opinion written in that case the court said : " To construe this statute with literal and technical accuracy, regardless of anything else, would abrogate it. '*Nemo est hæres viventis*' is a familiar maxim of law. If none can be the heir of a living person, certainly none can be his devisee or legatee. A will speaks from the death of the testator, and no person not then in existence can, strictly speaking, be either the devisee or legatee of such testator. Hence, if construed technically by its words alone and without reference to its

obvious intent and purpose, the entire provision would be rendered nugatory."

After pointing out the object of the statute and the evil to be repressed, the court continued : " Considering the evident purpose and policy of the act, the mischief intended to be remedied and the fact that it is a remedial statute, to be liberally construed, we are of the opinion that its meaning is to prevent the lapse of a devise or bequest to a descendant of the testator, although the proposed devisee or legatee shall have left lineal descendants, who shall be living at the testator's death ; and this, whether the death of the proposed devisee or legatee shall have occurred before or after the date or making of the will."

Similar statutes have received the same construction in many of the states as well as in England. (*Nutter* v. *Vickery*, 64 Me. 490 ; *Bray* v. *Pullen*, 84 Me. 185 ; *Minter's Appeal*, 40 Penn. St. 111; *Patrick Bradley's Estate*, 166 Penn. St. 300 ; *Cheney* v. *Selman*, 71 Ga. 384 ; *Darden* v. *Hurrill*, 10 Lea, 421 ; *Wilderger* v. *Cheek*, 94 Va. 517 ; *Jamison* v. *Hay*, 46 Mo. 546 ; *Chenault* v. *Chenault*, 9 S. W. Rep. [Ky.] 775 ; *Mower* v. *Orr*, 7 Hare Ch. 473 ; *Winter* v. *Winter*, 5 id. 306 ; *Barkworth* v. *Young*, 4 Drewry, 1 ; *Wisden* v. *Wisden*, 2 Smale & Giff. 404.) In each of these cases the legatee died before the will was made, yet it was held that his children took what he would have taken had he survived the testator.   In *Murphy* v. *McKean* (53 N. J. Eq. 406) the doctrine of the Maine, Pennsylvania and English cases, as to the effect of the death of a legatee before the making of the will, was expressly adopted, but it was held that the children of the legatee could not take in that case because he died before the statute went into effect.

On the other hand some courts take the other view. (*Howland* v. *Slade*, 155 Mass. 415 ; *Almy* v. *Jones*, 17 R. I. 265 ; *Billingsley* v. *Tongue*, 9 Md. 575.)

The argument against lapsing under the circumstances mentioned, as gathered from the various authorities, rests on

the beneficial policy of the act rather than the strict meaning of the language used. While the common law makes a technical distinction between death before the will, which makes the gift void, and death after the will, which causes it to lapse, a statute to remedy the mischief aimed at should extend to both, even if its terms seem to narrow it to one. There is no restriction in the statute as to the date of the child's death, provided it is during the testator's lifetime. It is held that the principle is the same and the sense of justice as strong whether the will was made before or after the death of the legatee. The statute is in furtherance of the presumed intention of the testator and aims to prevent the estate of a child "from losing the gift to him and his family from being left unprovided for" by reason of the death of such child at a particular time, or under one state of facts, but not under any other. This, as it is urged, would disappoint the intention of persons in general and, hence, the statute provides for it. It has regard to the class of individuals for whose relief it was enacted, rather than "to any technical distinctions in the manner of failure against which it proposes to guard them." As to them, the result at common law would be the same whether their ancestor died before or after the date of the will, provided he died before the testator. The element of futurity in the words "shall die," as used in the statute, does not refer to the date of the will, but to death during the lifetime of the testator. As the legislature made no other limitation, the courts should not make one, but should construe the statute in accordance with its fundamental purpose, which is to save to lineal descendants of the devisee the benefit of a devise which at common law would fail of effect by reason of the death of the original devisee during the lifetime of the testator. The persons for whose benefit the act was passed are not changed, and their claim to the bounty of the testator is not affected by the mere date of their parent's decease.

The reasoning on the other side of the question is based mainly on the common-law principle that a legacy to a deceased person is a nullity, and that the statute speaks of

lapsed legacies, but not of void legacies. I prefer the broader view that gives full force to the general purpose of the statute, which was to save to the descendants of devisees and legatees the gifts which their parents would have taken had they survived the testator. The other provisions of the statute reflect light upon the subject and show the liberal and comprehensive object of the legislature. I think the weight of reason and authority is in accordance with the conclusion indicated.

Moreover, the case of *Barnes* v. *Huson* (*supra*), which was very carefully considered, has stood as the law of the state for more than thirty years, without interference by the legislature or the courts. It should not now be overruled, for the public have had the right to rely upon it, and *non constat* the testator in question relied upon it when he made his will, and refrained from making specific mention of the plaintiff because he thought it unnecessary. If the rule is changed, the change should be made by the legislature. (Sutherland on Statutory Construction, §§ 313–316.)

It is, however, claimed that as the bequest in this case was to a class, and the name of the plaintiff's mother was not specifically mentioned, the statute has no application. Some cases take this view, relying upon the common-law rule that a gift to a class includes only those members thereof who are alive when the testator dies. (*Matter of Nicholson*, 115 Iowa, 493; *Davie* v. *Wynn*, 80 Ga. 673; *Tolbert* v. *Burns*, 82 Ga. 213; *Almy* v. *Jones*, 17 R. I. 265.)

Other cases take the opposite view, including some of those which hold that the statute does not apply when the legatee dies before the date of the will. (*Howland* v. *Slade*, 155 Mass. 415; *Re Stockbridge's Petition*, 145 Mass. 517; *Bray* v. *Pullen*, 84 Me. 185; *Moses* v. *Allen*, 81 Me. 268; *In re Bradley's Estate*, 166 Penn. St. 300; *Wilderger* v. *Cheek*, 94 Va. 517; *Jamison* v. *Hay*, 46 Mo. 546; *Woolley* v. *Paxson*, 40 Ohio St. 307; *Strong* v. *Smith*, 84 Mich. 567.)

The same arguments used to solve the other question should control this also. The statute, as both parties agree, should be

read into the will so that it speaks as a part of the will.  Its
object is to do away with those technical rules of the common
law which defeat natural justice and the presumed intention
of the testator by throwing his property away from those of
his own blood by direct descent.  The policy of the law, as
shown not only by the statutes cited, but by the Statutes of
Descents and Distributions, is to send the property of a dece-
dent to his children, and, if they are dead, to his children's
children.  Construction should not be so strict and conserva-
tive as to defeat this beneficent purpose, but should be liberal,
looking toward the object rather than the letter, in accordance
with the general rule applicable to remedial legislation.  There
is no substantial difference between a gift to all the members
of a class, naming none, and a gift to each member of a class,
naming each one.  When a testator has but two or three
children, it is easy and natural to mention each by name, but
when he has nearly a dozen, as the testator in this case had,
the average man would describe them as a class, yet the actual
intention would be the same in both cases.  As the statute
applies to the descendants of every deceased child, it should
apply to the descendants of a child who is described with cer-
tainty although not by name.  Since the deceased child is
treated in effect as taking a legacy for the purpose of trans-
mission to his descendants, in violation of the rule at common
law, so, although described as a member of a class only, he
should be treated as taking for the same purpose, although at
common law the result would be otherwise.  There is the
same reason for substituting the heirs of a deceased child in
the one case as in the other, for in neither would there be a
gift to the descendants were it not for the statute, and the
intention of the statute, as I interpret it, is that it should
apply to both.  It covers " any gift to any child, though not
living at the testator's death."

It goes without saying that the statute speaks upon the sub-
ject only when the will does not, for if the testator manifests
a clear intention that the descendant of a deceased child shall
not take its parent's share, notwithstanding the statute, his

intention will be carefully followed. In this case as he did not say directly or indirectly that the plaintiff should not take the share of her deceased mother, I think the statute speaks for him and declares that she shall. It follows that the judgment appealed from should be affirmed, with costs.

GRAY, O'BRIEN and HIGHT, JJ., concur with CULLEN, Ch. J.; BARTLETT and WERNER, JJ., concur with VANN, J.

Judgment reversed, etc.