JAMES A. CLIFFORD, TRUSTEE, *vs.* WILLIAM H. CRONIN
ET ALS.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

Our statute, § 4945, providing that under certain conditions the issue of a legatee or devisee who dies before the testator shall take the estate so devised or bequeathed, is applicable to gifts to a class as well as to gifts to individuals; but if the decedent died before the will was made and thus never became a member of the class, his issue take nothing under the statute.

Presumably a testator in making a gift to his "brothers and sisters," does not intend to include a brother who died two years or more before the execution of the will; and in the absence of anything in the will or surrounding circumstances showing a different intent, this presumption will prevail.

After giving his wife a life estate in all his property, with the right to use any or all of the principal if she deemed it necessary for her support, the testator directed that upon her decease, any undisposed portion of the property should be divided "between my brothers and sisters in equal parts." One brother and three sisters survived the wife, and one brother, who died more than two years

before the date of the will, left six children all of whom survived the wife. *Held* that neither the deceased brother nor his issue were entitled to any portion of the estate.

Submitted on briefs October 28th, 1921—decided June 3d, 1922.

ACTION by a trustee to determine the construction of the will of Daniel E. Cronin of Waterbury, deceased, brought to and reserved by the Superior Court in New Haven County, *Maltbie, J.*, upon an agreed statement of facts, for the advice of this court.

The testator died January 18th, 1917, possessed of a considerable estate both real and personal. He made a will dated November 10th, 1916, which was duly probated after his decease, and in which his wife, Margaret E. Cronin, was named as executrix and trustee. She resigned as said executrix and trustee, and thereafter one Jackson was appointed administrator *c. t. a.* and trustee, and later, after Jackson's resignation, the plaintiff was appointed.

The will contained the following provisions: "*Article First.* I give to my wife, Margaret E. Cronin, of said Waterbury, the use for life of all my property, both real and personal, and further devise and bequeath to her the right to consume and use up any portion of the same, including thus the right to sell and convey any real estate in which I have interests, provided and upon the condition that she shall make and annually give to the Judge of Probate in and for the district of Waterbury, a written statement that she thus, in her own opinion, has need of the money so to be used up, or the property so to be disposed of for the purposes of obtaining funds for such use, the same to be to her and her heirs forever. *Article Second.* In the event that upon the decease of my said wife any portion of my property shall remain not disposed of and consumed as provided in article first, I direct that the same shall be divided between my brothers and sis-

Clifford *v.* Cronin.

ters in equal parts, the same to be to them and their heirs forever."

At the death of the testator and his wife, one brother and three sisters of the testator survived, namely, James Cronin, Lena C. Hamilton, Elizabeth C. Henri and Mary Cronin. Before the execution of the will in 1916, another brother, William Cronin, died on June 25th, 1914. William Cronin left six children surviving him, who also survived the testator and his wife. Margaret Cronin, the wife of the testator, died on June 8th, 1920.

The questions upon which the advice of this court is desired, are the following: (a) Who are the brothers and sisters described and referred to in article two of the said will? (b) Was the deceased, William Cronin, to be included among the brothers and sisters described in article two of the said will? (c) Are the children of the deceased William Cronin entitled to share in the said estate? (d) To whom shall the trustee, the plaintiff, convey and distribute the balance remaining in his hands, as such trustee?

*Frank P. McEvoy,* for the plaintiff.

*Francis P. Guilfoile,* for the defendants James Cronin *et als.*

*James E. Russell* and *James E. McKnight,* for the defendants William H. Cronin *et als.*

*William E. Egan,* for the defendant Elizabeth Cronin Henri.

CURTIS, J. Under article one of the will, the wife of the testator received a life estate in all of the testator's property, with power to use any portion for her

personal support. *Bishop* v. *Groton Savings Bank*, 96 Conn. 325, 330, 114 Atl. 88. At her death, whatever remained of the estate undisposed of for her support, passed under the second article of the will.

The matter in controversy is whether, under General Statutes, § 4945, the children of William Cronin, deceased, take the portion of the estate that William Cronin would have received if he had survived the testator and his widow. Under article two of the will, the testator gives the property of the estate not used by the widow during her life for her support, to his brothers and sisters. It is urged by the testator's surviving brother and sisters, that since this is a gift to a class, the statute (§ 4945) has no application, and that the children of the deceased brother, William, do not under any circumstances stand in his·place and take the share that he would have taken had he survived the testator. This claim is stated as follows: "If . . . a legacy is given to two or more as a class, such class is not ascertained until the testator's death, and hence those only who survive the testator take the entire gift to be divided among them. There is no question of lapse, nor of the application of § 4945 . . . for here the class is in existence ready to take at the testator's death, though it may be . . . reduced in numbers from the date of the execution of the will."

Section 4945 of the General Statutes reads as follows: "When a devisee or legatee, being a child, grandchild, brother or sister of the testator, shall die before him, and no provision is made for such contingency, the issue of such devisee or legatee shall take the estate so devised or bequeathed." When there is a gift to a class, there is a conflict of authority whether a statute like our § 4945 has any application to such a gift when one of the class predeceases the testator. Alexander in his Commentaries on Wills, Vol. 2, § 874, states the

conclusion of his investigation of this matter as follows: "The weight of authority, however, favors the rule that such statutes are applicable to gifts to a class as well as to individuals. The reason for the rule is that such statutes are remedial and should receive a liberal construction; and that the testator is presumed to know the law and that his will is drawn accordingly." We are satisfied that the weight of reason and authority support the ruling that our statute (§ 4945) is applicable to gifts to a class. *Howland* v. *Slade*, 155 Mass. 415, 29 N. E. 631; *Moses* v. *Allen*, 81 Me. 268, 17 Atl. 66; *Strong* v. *Smith*, 84 Mich. 567, 48 N. W. 183; *Bradley's Estate*, 166 Pa. St. 300, 31 Atl. 96; *Jones* v. *Hunt*, 96 Tenn. 369, 376, 34 S. W. 693; *Downing* v. *Nicholson*, 115 Iowa, 493, 88 N. W. 1064.

As the brother William died before the execution of the will, we are confronted with the question whether that fact does not eliminate William and consequently his children from consideration, on the ground that a legacy to one who is dead at the execution of a will is void, and hence no claim can be based upon it. It is frequently said in the books that such a legacy is void. In 40 Cyc. 1939, the following statement is made: "The general rule, in the absence of any statutory provision to the contrary, is that a legacy or devise to a person who is dead at the time of making the will is void, or, it has been said, lapses." What is the application of this principle to a gift to a class? Alexander in his Commentaries on Wills, Vol. 2, § 876, states the law as follows: "A legacy or devise in favor of a class does not include those persons dead at the date of the will who, had they survived, would have fallen within the description of the class. This rule always prevails in the absence of something in the will or surrounding circumstances showing a different intent." We are satisfied that the foregoing is a correct statement of the

Clifford *v.* Cronin.

law, and is supported by reason and authority. *Morse v. Mason,* 93 Mass. (11 Allen) 36; *Merriam v. Simonds,* 121 Mass. 198; *Howland v. Slade,* 155 Mass. 415, 29 N. E. 631; *White v. Massachusetts Inst. of Technology,* 171 Mass. 84, 50 N. E. 512; *Wescott v. Higgins,* 42 N. Y. App. Div. 69, 169 N. Y. 582, 62 N. E. 1101; *Harrison's Estate,* 202 Pa. St. 331, 51 Atl. 976.

Is there anything in the will or surrounding circumstances showing an intent on the part of Daniel E. Cronin to include the children of his brother William among his beneficiaries? The record is devoid of any finding as to the circumstances surrounding the testator at the execution of the will in 1916, except the fact that his brother William had died June 25th, 1914, leaving issue, surviving in 1916 and at the death of the testator; and the fact that another brother and three sisters survived the testator. We find nothing in the will or in the surrounding circumstances to justify a finding that it was the intent of the testator to include his brother William or his issue in the class, to which he made the contingent legacy in article two. It follows, therefore, that the legacy to the brothers and sisters of the testator is confined to his brother and sisters who survived him.

The Superior Court is advised that the "brothers and sisters" referred to in the second article of the will are the surviving brother and sisters; that questions (b) and (c) are each answered in the negative; and that as to question (d), the trustee is directed to divide the net estate into four parts and distribute one of such parts to the surviving brother and one to each surviving sister.

In this opinion the other judges concurred, except GAGER, J., who concurred in the result, but died before the opinion was written.